IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:11-CR-15-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| ROBERT THAMES ) | |
| ) | |

This cause comes before the Court on defendant's pro se letter asking for the appointment of counsel to assist him in filing a motion to reduce his sentence as a result of recent cases decided by the Supreme Court. [DE 66]. Such a claim attacks his original sentence or conviction and therefore is properly brought as a claim pursuant to 28 U.S.C. § 2255. A movant under § 2255 is not automatically entitled to counsel. *United States v. Dean*, 933 F.2d 1002 (4th Cir. 1991) (unpublished). Accordingly, and because defendant has not demonstrated extraordinary circumstances, the Court declines at this time to appoint counsel to represent him in this matter.

The Court GRANTS petitioner 30 (thirty) days from the filing of this notice to confirm or deny his intent to file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. If a response is not filed within this time, this Court will presume that petitioner is not seeking such relief and this action will be dismissed. Should the petitioner notify this Court of his intention to file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the Clerk of Court is DIRECTED to provide petitioner with the appropriate forms on which to file such a motion. The court further warns the petitioner of the effects of filing a motion pursuant to section 2255, and advises him as to the requirements of section 2255. *See*

*Castro v. United States*, 540 U.S. 375, 377, 383 (2003); *see also United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002).

SO ORDERED, this __6__ day of June, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE